UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GENERAL DIVISION

CASE NO: **97-6532**
MAGISTRATE **CIV-ZLOCH**

MAGISTRATE JUDGE
SELTZER

JOHN LEMAY, on
behalf of himself and all
others similarly situated,

    Plaintiffs,

v.

ZACHARIAH P. ZACHARIAH, M.D., P.A.,
a Florida Professional Association,

    Defendant.

_____/

FILED BY __ D.C.
97 APR 30 PM 2:52
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

## COMPLAINT

    1.    Plaintiff, JOHN LEMAY ("LEMAY"), is a former employee of Defendant ZACHARIAH P. ZACHARIAH, M.D., P.A. ("ZACHARIAH") and brings this action on behalf of himself and other employees and former employees of Defendant ZACHARIAH similarly situated to him for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Plaintiff is a resident of Broward County, Florida within the jurisdiction of this Honorable Court.

    2.    Defendant, ZACHARIAH, is a Florida Professional Association that owns and operates a medical practice and laboratory with its principal business located in Broward County, Florida and within the jurisdiction of this Court.

    3.    This action is brought to recover from Defendant unpaid overtime compensation, liquidated damages, and costs and reasonable



attorney's fees under the provisions of Title 29 U.S.C. § 201 <u>et seq.</u>, and specifically under the provisions of Title 29 U.S.C. § 216(b) (the "Act").

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendant ZACHARIAH is, and at all times pertinent to this Complaint was, engaged in interstate commerce. At all times pertinent to this Complaint Defendant ZACHARIAH regularly owned, operated and managed a medical practice and laboratory business and utilized goods which moved in interstate commerce. Based upon information and belief the annual gross revenue of Defendant ZACHARIAH was in excess of $500,000.00 per annum.

5. By reason of the foregoing, Defendant ZACHARIAH was during all times hereafter mentioned an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

6. The additional persons who may become Plaintiffs in this action are all current and former employees of Defendant ZACHARIAH who are or who were subject to the payroll practices and procedures described in Paragraphs 10 and 11 below and who worked in excess of forty (40) hours during one or more workweeks beginning on or after May 1, 1994, and who were paid on an hourly basis.

7. At all times pertinent to this Complaint Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and DOL Regulation 29 C.F.R. §§ 516.2 and 516.4 in that Plaintiff and those similarly situated to him performed services for Defendant ZACHARIAH for which no provision was made by the Defendants to properly pay

Plaintiffs for those hours.

8. During November 8, 1996 Plaintiff LEMAY was hired by Defendant ZACHARIAH as a laboratory worker and he ceased working for Defendant during April 1997. By reason of such employment Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff himself was engaged in commerce. The work performed by Plaintiff was directly essential to the operation of a medical practice and laboratory by Defendant ZACHARIAH in interstate commerce, which was directly essential to the business performed by Defendant.

9. Plaintiffs' employment with Defendant ZACHARIAH provided for compensation at the rate of $8.00 per hour.

10. In the course of employment with Defendant ZACHARIAH Plaintiff and other similarly situated employees worked the number of hours required of them but were not paid time and one-half for all hours worked in excess of forty (40) during a workweek. During one or more workweeks Plaintiff and those similarly situated to him worked in excess of forty (40) hours.

11. At all times material hereto Defendant ZACHARIAH paid Plaintiff only one-half of his regular hourly rate of pay for all hours worked in excess of forty (40) during a workweek. Based on information and belief Defendant ZACHARIAH paid all their hourly employees on this same basis.

12. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are

in the possession, custody and control of Defendant ZACHARIAH.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## (ZACHARIAH)

Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 12 above.

13. Plaintiff LEMAY is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

14. By reason of the said intentional, willful and unlawful acts of Defendant ZACHARIAH, all Plaintiffs (LEMAY and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

15. As a result of Defendant's willful violation of the Act, all Plaintiff (LEMAY and those similarly situated to him) are entitled to liquidated damages in an equal amount to that set forth in Paragraph 14 above.

16. Plaintiff demands trial by jury.

WHEREFORE, for workweeks beginning on or after May 1, 1994, Plaintiff LEMAY and all those similarly situated to him who have or will opt into this action demand judgment against Defendant ZACHARIAH for the overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of

suit, and for all proper relief including prejudgment interest.

> Respectfully submitted by:
>
> DONALD J. JARET, P.A.
> Counsel For Plaintiffs
> 4343 W. Flagler Street
> Suite 350
> Miami, Florida 33134
> Tel: (305) 569-0080
> Fax: (305) 569-0048
>
> BY: _____
>     Donald J. Jaret, Esq.
>     Fla. Bar No. 296163

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GENERAL DIVISION

CASE NO:
MAGISTRATE

JOHN LEMAY, on
behalf of himself and all
others similarly situated,

      Plaintiffs,

v.

ZACHARIAH P. ZACHARIAH, M.D., F.A.C.P.,
a Florida Corporation,

      Defendant.
_____/

## NOTICE OF CONSENT

The undersigned JOHN LEMAY, a current or former employee of ZACHARIAH P. ZACHARIAH, M.D., F.A.C.P., who has not been compensated overtime for all hours worked in excess of 40 per workweek hereby consents pursuant to 29 U.S.C. § 216(b) to become a party plaintiff in the above action and to be represented by Donald J. Jaret, P.A. in this action.

Dated this 21st of March, 1997.

_____
Signature

3190 SW 51st Avenue
Ft. Lauderdale, Florida 33314
Address

(954) 791-2967
Daytime Phone

875-4194 (beeper)
Evening Phone

TO BE EFFECTIVE, THIS CONSENT MUST BE FILED WITH THE CLERK OF THE UNITED DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, 301 N. MIAMI AVENUE, ROOM 150, MIAMI FL 33128. FOR YOUR CONVENIENCE AN ENVELOPE PROPERLY ADDRESSED TO SUCH COURT HAS BEEN PROVIDED TO YOU.

# CIVIL COVER SHEET

**97-6532**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
JOHN LEMAY, on behalf of himself and all others similarly situated,

**DEFENDANTS**
ZACHARIAH P. ZACHARIAH, M.D., P.A., a Florida Professional Association,

**CIV-ZLOCH**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A Broward 97cv6532/WJZ/BSS

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DONALD J. JARET, P.A.
4343 W. Flagler Street, Suite 350
Miami, Florida 33134   (305) 569-0080

ATTORNEYS (IF KNOWN)
- 0 -

MAGISTRATE JUDGE SELTZER

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title 29 U.S.C. Sec. 201(b) & 28 U.S.C. Sec. 1337

**IVa.** 3 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability  **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine  ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability  ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle  ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting  **B PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment  ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations  ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights  ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions *A or B |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights *A or B | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
**DEMAND $**
Check YES only if demanded in complaint: ☒ YES
**JURY DEMAND:** ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** 4/29/97
**SIGNATURE OF ATTORNEY OF RECORD** [signature]

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 676061   Amount: 150.00
Date Paid: 04/30/97   M/fp: